## ROY WOLLENSCHLAGER v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.

## DUXBURY & BISSELL, APPELLANTS FROM JUDGMENT OF DISMISSAL.[1]

June 3, 1921.

No. 22,290.

**Dismissal of action — sufficient cause.**

1. While the district court may at any time before trial, upon application by the plaintiff and sufficient cause shown, dismiss an action, yet such cause must relate to and affect the legal rights of the parties litigant.

**Evidence insufficient.**

2. Record examined and *held*, that it discloses no legal cause for the dismissal of the action.

Action in the district court for Ramsey county. The facts will be found in the opinion. The motion of plaintiff for the abatement of the action brought by Duxbury & Bissell until a final determination of the action begun by John D. Greathouse, was granted by Haupt, J., and the former action dismissed without prejudice. From the judgment of dismissal, entered pursuant to that order, defendant company and Duxbury & Bissell took separate appeals. Reversed.

*John E. Palmer, John L. Erdall* and *Duxbury & Bissell,* for appellants.

*John D. Greathouse* and *Hiram D. Frankel,* for respondent.

QUINN, J.

Plaintiff was injured while acting as a rear brakeman on one of defendant's freight trains, through the alleged negligence of the company in operating its train. He went to a hospital for treatment.

[1]Reported in 183 N. W. 144.

While there he employed respondent, John D. Greathouse, as his attorney to bring an action against the company to recover for his injury, agreeing to allow him a certain per cent of the amount recovered for his services. An action was accordingly brought in Hennepin county, and, while pending, the plaintiff signed, and caused to be filed in court, a dismissal of such action, and employed the law firm of Duxbury & Bissell to bring another action for the same purpose, agreeing to allow them a certain per cent of the amount recovered for their services. Pursuant to such arrangement, that firm, on October 21, 1920, brought this action in Ramsey county. On the following day, October 22, Greathouse visited plaintiff at the hospital and a letter was written to Duxbury & Bissell, which plaintiff signed, discharging them as his attorneys. He also signed a dismissal of the action which that firm had brought, which proved of no avail as the venue in the notice of dismissal was laid in Hennepin county. Again on the following day, October 23, Greathouse brought another action in Hennepin county upon the same cause of action, and also procured an order to show cause in Hennepin county why the Ramsey county case should not be dismissed. Upon hearing, this order was discharged. On October 30, plaintiff signed and caused to be served another dismissal of the Ramsey county case. The railway company refused to accept the dismissal, upon the ground that plaintiff had once dismissed the action and could not have another dismissal without an order of the court or consent of the defendant, under G. S. 1913, § 7825, and at the same time filed its objection with the Ramsey county court, and served its answer in the case last brought, pleading therein as a bar the pending action in Ramsey county.

On November 9 plaintiff, through his attorney, Greathouse, procured an order to show cause "why the court should not make its order requiring the defendant to accept the dismissal served upon the defendant by John D. Greathouse, attorney for plaintiff, on or about the 1st day of November, 1920, and why the said dismissal shall not be as and for a dismissal of the said action commenced by the said Duxbury & Bissell, for the said plaintiff, and why the said dismissal should not stand and be a dismissal without prejudice and without a determination of the merits of the said matter." This order to show cause was supported by the affidavits of plaintiff and his mother, to the effect that the plaintiff

had been induced to discharge Greathouse in the first instance and to dismiss the first action brought, by misrepresentations made to him by persons representing the law firm of Duxbury & Bissell. This showing was met by affidavits of both Mr. Duxbury and Mr. Bissell, in which they denied ever having a representative in their employ authorized to make any such representations and denying the truthfulness of the matters set forth in plaintiff's affidavits. An affidavit was filed by the attorney for the railway company setting forth the various steps taken in the litigation. In disposing of this order to show cause the trial court, after reciting the formal matters, ordered "that the above entitled action be and the same is hereby dismissed without prejudice." Judgment of dismissal was entered upon said order on November 13, 1920, from which judgment the defendant railway company and the law firm of Duxbury & Bissell appeal.

At the hearing upon the order to show cause it was insisted on behalf of respondent that Mr. Greathouse was the only authorized attorney in the proceeding. This contention is hardly sustained by the record, as it appears therefrom that the firm of Duxbury & Bissell brought the action and appeared therein upon the return of the order to show cause. If the plaintiff wished to dispose of the services of counsel so appearing, he should have proceeded under the provisions of section 4953, G. S. 1913, which provides: "The attorney in an action or proceeding may be changed at any time upon his consent, or, by order of the court, upon the application of the client for cause; but no change can be made on application of the client unless the charges of the attorney be paid. When such change is made, written notice of the substitution of a new attorney shall be given to adverse parties; until such notice, they shall recognize the former attorney." Respondent did not proceed under this statute, nor was the question of a change of attorneys before the court.

The order of the trial court does not disclose the cause of dismissal of the action. Section 7825 of the statute provides that an action shall not be dismissed more than once without the written consent of the defendant, or an order of the court on motion and for cause shown. This power the court assumed to exercise in this case. The nature and scope of the three actions are identical, all based upon the same cause of action. In defense to the third action the defendant railway company

pleaded the pendency of the second action in abatement. If the plea be sustained by the proofs it constitutes a complete defense. While the statute authorizes the court to dismiss an action upon sufficient cause shown, it must be such a cause as relates to and affects the legal rights of the parties. To that end the court will examine the proof to ascertain whether it furnishes a legal basis for dismissal.

We have examined the record with care and have reached the conclusion that it discloses no legal cause for the dismissal of the action. It is manifest that the learned trial court based its order upon the tactics claimed to have been practiced upon plaintiff in the selection of an attorney to try his cause, or upon the almost unprecedented race to the hospital, neither of which amounts to a sufficient legal cause for a dismissal of the action. The railway company was clearly within its legal rights in refusing to accept the dismissal.

Reversed.